# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> VS. <br><br> **LORENZA NICHOLS,** <br><br> **Defendant** | NO. 5: 07-CR-78 (HL) <br><br> **VIOLATIONS: Drug Related** |

# ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case at the defendant's Initial Appearance before the undersigned. The defendant was represented by Ms. Hollie M. DeRosa of the Macon Bar; the United States was represented by Assistant U. S. Attorney Jennifer Kolman. Based upon the evidence proffered to the court by counsel for the parties, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

## PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ALTERNATIVE FINDINGS

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were defendant NICHOLS to be released from custody at this time. The offense charged against the defendant is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty; his estimated guideline sentencing range is 151 to 188 months in prison. Significantly, the allegations set forth in the indictment herein form the basis for a PETITION FOR REVOCATION OF SUPERVISED RELEASE filed August 1, 2006, wherein it is alleged that he violated conditions of supervised release imposed upon him along with a sentence of incarceration by Duross Fitzpatrick, district judge, on November 20, 1998. He was sentenced on that date for the offense of Distribution of Cocaine, a charge strikingly similar to the charges set forth in the within indictment.

For the foregoing reasons, and because defendant NICHOLS has involved himself in illegal drug activity while under supervised release on a similar charge, pretrial detention is mandated and is SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant NICHOLS be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility NICHOLS deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 27th day of AUGUST, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE